UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60523-CIV-COHN

HALEY M. BOLIN, a minor by JENNIFER
J. BOLIN and NATHAN BOLIN, and
JENNIFER J. BOLIN and NATHAN BOLIN.    Magistrate Judge Seltzer
Individually,

    Plaintiffs,

vs.

SMITHKLINE BEECHAM Corporation
d/b/a GLAXOSMITHKLINE, a Pennsylvania corporation,
APOTEX CORP. and APOTEX, INC.,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    **THIS CAUSE** is before the Court upon Plaintiff's Motion for Dismissal Without Prejudice [DE 57], the Apotex Defendants' response [DE 58], Plaintiff's Reply [DE 60], Defendant SmithKline Beecham's response [DE 61], the Apotex Defendants' Motion for Leave to File Sur-reply [DE 64] and Request for Oral Argument [DE 65]. The Court has carefully considered the record and is otherwise fully advised in the premises.

    Plaintiffs filed this action in Broward County Circuit Court alleging various claims of negligence and product liability against manufacturers and/or distributors of a psychopharmaceutical drug that is alleged to have caused birth defects in the minor child in this case. Plaintiffs are residents and citizens of Missouri. Defendant SmithklineBeecham Corporation is a citizen of Pennsylvania. Defendant Apotex Corporation ("Apotex Corp.") is a Florida corporation with its principal place of business in Weston, Florida, and is a wholly owned subsidiary of Defendant Apotex, Inc., a

Canadian corporation (collectively, "Apotex Defendants").

Several similar actions that were filed in Broward Circuit Court and removed to this Court were remanded under the forum defendant rule exception to diversity jurisdiction. However, because of a difference in the order of service of Defendants, a handful of cases remained before this Court. See Order Denying Motion to Remand [DE 25]. All the litigation in this Court to date has involved jurisdictional issues and pleading issues. This Court has not had any exposure to the merits of the underlying claims. The Court understands that the state court in Pennsylvania has established a Mass Tort Program ("MTP") for these similar cases, has already brought one case to trial, with several other trials scheduled in the next month.[1]

As for the related cases initially filed with this case in Broward Circuit Court, the majority of those cases were remanded by this Court back to state court. After remand, the parties report in the present motions and responses that Defendants successfully moved to have those cases dismissed from Broward Circuit Court for *forum non conveniens*. Those cases were refiled in the MTP in the Court of Common Pleas in Philadelphia, Pennsylvania.

It is clear to this Court that the fact that this case remains in this Court is far more of a fluke in the order of service that in any vested right of Defendants to have these cases heard in federal court in the Southern District of Florida. More importantly,

---

[1] Plaintiffs imply that this case may not be refiled in the MTP, that Plaintiffs may leave the decision to the minor child after she reaches the age of 18. Whether this case is immediately refiled or not does not affect the Court's decision in deciding this motion.

this Court has had little opportunity to be presented with the merits of the claims in these two cases regarding the alleged injury to the minor Plaintiffs.  At the same time, the state court in the MTP has already issued pretrial evidentiary rulings and proceeded through at least one trial.  There seems little reason from an efficiency or comity viewpoint for this Court to insist that these cases be tried in this Court.

Plaintiffs also seek to have this Court's prior orders in this case vacated.  In dismissing these cases without prejudice, however, the Court will not vacate its prior orders regarding jurisdiction and preemption.  Though Plaintiffs call into question the continued validity of those orders given recent United States Supreme Court rulings on the preemption issue, this Court will not rule that Plaintiffs can both dismiss their action without prejudice and avoid all adverse rulings.  This Court makes no determination whether the Court in Philadelphia can reconsider these rulings in light of any changes in the law.

The remaining issue is whether to grant the Defendants' request to impose attorney fees upon Plaintiffs in dismissing this action without prejudice.  The Court utilizes its discretion under Rule 41(a)(2) to deny this request.   The Court has reviewed the cases cited by both parties that condition the dismissal upon payment of such fees and costs.  Most are distinguishable because in the present case there is no pending motion for summary judgment and Plaintiff has not engaged in any dilatory tactics.  The vast majority of the costs incurred to date in this case relate to jurisdictional and pleading issues or to merits discovery.  If this case is refiled in Pennsylvania, these costs would not be repeated.  In addition, the fact that the other

cases filed at the same time as this case have already ended up in Pennsylvania undercuts the equity argument asserted by Defendants.

If this case is not refiled until the minor Plaintiff reaches the age of legal maturity, then there is a distinct possibility that some effort that went into discovery will be "wasted." However, the legal resources that went into jurisdictional and pleading issues were necessary at the time and would not need to be repeated. Finally, as to Plaintiff's request for this Court to equitably toll any refiling by the minor until she reaches the age of 18, the Court declines to rule either way, leaving any such decision to whichever court is presented with a refiled action. The events between now and refiling could influence that decision either way and it could depend upon state law not presently before the Court.

Finally, the Court denies as moot the request for sur-reply as the Court is not granting Plaintiffs the relief of vacating prior orders that is the reason for the request for a sur-reply. The Court also concludes that oral argument is not necessary in resolving the motion to dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Dismissal Without Prejudice [DE 57] is hereby **GRANTED**. This action is hereby Dismissed without Prejudice. The Clerk may close this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of November, 2009.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF